*303 ATTORNEY DISCIPLINARY PROCEEDINGS
hPER CURIAM.
This matter arises from reciprocal disciplinary proceedings filed by the Office of Disciplinary Counsel (“ODC”) pursuant to Supreme Court Rule XIX, § 21 against respondent, Lincoln H. Jones, an attorney licensed to practice law in the State of Louisiana and in the State of Kentucky.
UNDERLYING FACTS AND PROCEDURAL HISTORY
On October 1, 1997, respondent applied to sit for the February 1998 Kentucky Bar Examination. At that time, the Character and Fitness Committee of the Kentucky Board of Bar Examiners (“Committee”) expressed reservation over respondent’s outstanding student loan indebtedness. As a result, respondent and the Committee entered into a consent agreement which would allow respondent to be conditionally admitted to practice law in Kentucky once he passed the bar examination. Specifically, the agreement provided, in part, during the period of conditional admission, respondent would: “(a) submit proof of payment or, during periods of non-payment submit certification of compliance, on a monthly basis on the ... loan; (b) provide proof of payment on [his] ... loan for not less than 12 payments in amounts acceptable to the ... Loan Program.”
Subsequently, respondent successfully passed the Kentucky Bar Examination and was conditionally admitted to practice law in that state. From May 31, 1998 to February 1, 1999, respondent mailed each month essentially identical letters to the | {.Committee, each explaining that no payment was due since the current status of his loan was either “forbearance” or “in-school deferment” based on his understanding of the loan program’s regulations.
The Committee requested in writing that respondent provide an explanation for his failure to satisfy his monthly financial obligations, as well as provide evidence of his alleged in-school deferment. When respondent refused to produce the requested information, the Committee issued an order to show cause why respondent’s conditional admission should not be revoked.
Subsequently, the Committee filed a motion with the Supreme Court of Kentucky seeking to revoke respondent’s law license based on his failure to comply with the terms and conditions of the conditional admission agreement. In response, respondent alleged that he complied with the terms of the consent agreement during its term, and was no longer subject to the agreement since the one year conditional period of admission had expired.
On December 20, 2001, the Supreme Court of Kentucky revoked respondent’s license to practice. The court found respondent violated Kentucky Supreme Court Rule 3.3(a)(2) by failing to disclose a material fact to a tribunal (the Committee) when disclosure was necessary to avoid a fraud being perpetuated upon the tribunal. Character and Fitness Committee v. Jones, 62 S.W.3d 28 (Ky.2001).
After the Kentucky disciplinary proceedings became final, the ODC filed a motion in this court to initiate reciprocal discipline pursuant to Supreme Court Rule XIX, § 21. Attached to the motion were certified copies of the record developed in the Kentucky proceedings. 'By order dated April 5, 2002, we granted respondent and the ODC thirty days to inform the court “of any claim, predicated upon the grounds set forth in Supreme Court Rule XIX § 21(D), that the imposition of identical discipline in Louisiana would be unwarranted and the reasons for that claim.” *304 Respondent did |3not make any filing in response to that order.
DISCUSSION
After reviewing the record, we find none of the factors which would warrant the imposition of different discipline under Supreme Court Rule XIX, § 21(D)[1] are present in this case. As a result, the rule directs us to impose the “identical discipline” to that imposed by the Supreme Court of Kentucky.
Because the discipline adopted by Kentucky was revocation of respondent’s conditional right to practice, it is difficult for us to impose identical discipline in Louisiana. Under the facts, we conclude the closest form of discipline in this state is an indefinite suspension of respondent’s law license. In the event respondent is readmitted to practice in Kentucky, or can show any significant change in circum-' stance, he may petition for reinstatement in Louisiana pursuant to the Lprovisions of Supreme Court Rule XIX, § 21(E).
DECREE
For the reasons assigned, it is ordered that respondent, Lincoln H. Jones, be suspended from the practice of law in Louisiana pending further order of this court. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of the finality of this court’s judgment until paid.

. Supreme Court Rule XIX, § 21(D) provides:
Upon the expiration of thirty days from service of the notice pursuant to the provisions of paragraph B, the court shall impose the identical discipline imposed by the other state, unless disciplinary counsel or the lawyer demonstrates, or this court finds that it clearly appears upon the face of the record from which the discipline is predicated, that:
(1) The procedure was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or
(2) There was such infirmity of proof establishing the misconduct as to give rise to the clear conviction that the court could not, consistent with its duty, accept as final the conclusion on that subject; or
(3) The imposition of the same discipline by the court would result in grave injustice; or
(4) The misconduct established warrants substantially different discipline in this state.
If this court determines that any of those elements exists, this court shall enter such other order as it deems appropriate. The burden is on the party seeking different discipline in this jurisdiction to demonstrate that the imposition of the same discipline is not appropriate.